**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**KENNETH J. FRENCH**                    **CASE NO:**

       Plaintiff,

v.

**UNITED STATES OF AMERICA**

       Defendant.

---

### COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

    Plaintiff, Kenneth J. French (hereinafter "Plaintiff"), by counsel, for his Complaint against the Defendant, United States of America, states as follows:

### INTRODUCTION

    1.    This is a civil action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(l), for medical malpractice arising out of medical care provided to Plaintiff by the Department of Veterans Affairs at the Cincinnati Veterans Affairs Medical Center.

    2.    The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(l), for money damages as compensation for personal injuries caused by the Defendant's negligence.

    3.    Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. [1]

---

[1] See Ex. 1, Standard Form 95.

4.      This suit has been timely filed, in that Plaintiff timely served notice of his claim on both the Department of Veterans Affairs and the United States Department of Justice less than two years after the incident forming the basis of this suit.

5.      Plaintiff is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the Department of Veterans Affairs' denial of Plaintiff's administrative claim. (Plaintiff also filed a Request for Reconsideration extending the time for a final decision an additional six months -- but Plaintiff has not received a final decision after the additional six months.)

## PARTIES, JURSIDICTION AND VENUE

6.      Plaintiff is, and at all times relevant hereto was, a resident of Hamilton County, Ohio.

7.      Defendant United States of America, through its agency, the Department of Veterans Affairs, operates the Veterans Affairs Medical Center located in Cincinnati. Ohio.

8.      Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the Lexington VA Medical Center are hereinafter collectively referred to as "Cincinnati VA Medical Center."

9.      At all times relevant to this Complaint, the Cincinnati VA Medical Center held themselves out to the Plaintiff and eligible beneficiaries as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

10.     At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under respondeat superior.

11.     Jurisdiction is proper under 28 U.S.C. § 1346(b)(l).

12.     Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of Ohio.

## FACTUAL ALLEGATIONS

13.     On June 28, 2013, Plaintiff went to the Cincinnati VA Medical Center, presenting with pain in his right foot at the base of his big toe when he walks. Dr. Austin Wand found that he had mild hallux deformity and mild narrowing of the first MTP bone joint.

14.     On December 18, 2013, Patient signed a Consent to Treatment with Dr. Patrick Nunan at the Cincinnati VA Medical Center, and the surgery, which was for Bunionectomy (Metatarsal Osteotomy/Phalangeal Ostoetomy), was performed shortly thereafter.

15.     The operative report, generated later that afternoon, stated that the preoperative diagnosis was hallux abductovalgus, right first metatarsophalangeal joint, and that the postoperative diagnoses were hallux abductovalgus deformity and hallux rigidus.

16.     The operative report also stated that there were unanticipated diagnoses that were not appreciated clinically, i.e., synovitis, dorsal exostosis and erosion of cartilage.

17.     Rather than interrupt the surgery and seek further patient consent, Dr. Nunan continued the operation, with the post-operative result that Plaintiff's first toe was significantly shortened and was no longer in contact with the ground when standing and walking. This permanent condition has caused pain when walking, an irregular, painful gait, and pain in the foot itself.

18.     On February 23, 2015, Mr. French went to see Dr. Suhail Masadeh at the Cincinnati VA Medical Center for a follow-up, in which Dr. Masadeh found the (1) toe does not purchase the

ground; (2) patient has severe lesser MTPJ pain with persistent swelling; (3) patient feels foot is deformed; and (4) and patient is uncomfortable walking on it.

19.     Plaintiff was then seen by Dr. Nicholas Gates, a non-VA physician, who reviewed the relevant medical records and films, and found that Dr. Nunan breached the standard of care by shortening the first metatarsal and causing the shortening of the big toe. [2]

20.     As a direct and proximate result of the medical negligence, Plaintiff's toe remains displaced and elevated during standing and locomotion.

21.     As a direct and proximate result of the medical negligence and shortening of the big toe, Plaintiff is suffering increased stress and orthopedic pain that is a permanent injury and substantial physical deformity to his foot.

22.     Plaintiff will continue to seek medical care into the future for these injuries.

## CAUSES OF ACTION

## COUNT I - NEGLIGENCE

23.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

24.     The Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large.

25.     The Defendant independently and, by and through its employee Dr. Nunan, breached its duty of care to Plaintiff.

26.     At all times relevant to this Complaint, the Defendant had a duty to hire competent operators, administrators, employees, agents and staff in order to meet its standards of quality of

---

[2] See. Ex. 2, Dr. Gates Report.

care of its patients, including Plaintiff. The Defendant knew, or should have known, that Dr. Nunan was not properly trained, and/or supervised, in a manner necessary to provide a level of care for Plaintiff that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that the Defendant presented to the community at large.

27.     The Defendant breached its duty by negligently hiring and staffing Dr. Nunan who was incompetent, inexperienced, unqualified and/or inadequately trained to perform orthopedic surgeries.

28.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious and permanent personal injuries in and about his body; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and he has lost wages, and will continue to lose wages in the future.

29.     The acts and/or omissions set forth above would constitute a claim under the law of the State of Ohio.

30.     The Defendant is liable pursuant to 28 U.S. C. 1346(b)(1).


## COUNT II – NEGLIGENCE: VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

31.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in preceding paragraphs and further alleges as follows:

32.     At all times relevant to this case, Dr. Nunan was an, employee and/or agent, and was acting on behalf of the Defendant.

33.     At all relevant times to this Complaint, Dr. Nunan acted within his respective capacity and scope of employment and/or agency relationship for the Defendant.

34.     Dr. Nunan negligently directly and proximately caused personal injury to Plaintiff, including through both acts of omission and acts of commission.

35.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious and permanent personal injuries; he has incurred medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and he has lost wages, and will continue to lose wages in the future.

36.     The acts and/or omissions set forth above would constitute a claim under the law of the State of Ohio.

37.     The Defendant is liable pursuant to 28 U.S.C. 1346(b)(l).


**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff hereby demands:

A.  Judgment in favor of Plaintiff and against Defendant, for damages in such amounts as may be proven at trial;

B. Compensation for both economic and non-economic losses, including but not limited to medical expenses, loss of earnings, future loss of earnings, past and future pain and

suffering, disfigurement and loss of functionality, loss of enjoyment of life, mental anguish

and emotional distress, in such amounts as may be proven at trial;

C. Attorney's fees and costs;

D. Pre- and post-judgment interests; and

E. Any and all further relief that the Court may deem just and proper.


Dated: June 12th, 2017

        Respectfully submitted,

        */s/ Joseph M. Lyon*

        Joseph M. Lyon # 0076050
        2021 Auburn Ave
        Cincinnati, OH 45219
        Phone (513) 381-2333
        Fax (513) 766-9011
        jlyon@thelyonfirm.com
        THE LYON FIRM
        Attorney for Plaintiff

**EXHIBIT 1**



THE LYON FIRM
A Law Corporation

jlyon@thelyonfirm.com

### DECEMBER 11th, 2015

**Sent Via Fax & Federal Express**
Department of Veteran's Affairs
Office of General Counsel
810 Vermont Avenue, N.W.
Washington, D.C. 20420

      **RE: Form 95 Filing**
      **Claimant: Kenneth French**
      **Date of Incident: 12-18-13**

Dear Sir or Madam:

      Attached please find the requisite Form 95 to initiate the Administrative process for a Federal Tort Claim involving medical malpractice at an Ohio Veteran's Administration Hospital. Please provide notice of receipt.


      Very truly yours,

      THE LYON FIRM

      Joseph M. Lyon

| CLAIM FOR DAMAGE,<br>INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED<br>OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency:<br><br>Department of Veteran's Affairs (Office of General Counsel)<br>810 Vermont Avenue, N.W.<br>Washington, D.C. 20420 | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.<br><br>Kenneth J. French --Claimant<br>Joseph Lyon --Attorney<br>2021 Auburn Ave<br>Cincinnati, Ohio 45219 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>09/25/1965 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>12/18/2013 | 7. TIME (A.M. OR P.M.)<br>13:21 |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The claim is based on the negligent performance of a bunionectomy by Dr. Patrick Nunan at The Department of Veteran's Affairs Medical Center located at 3200 Vine Street, Cincinnati, Ohio 45220. Specifically, Dr. Nunan performed a surgical procedure that was below the standard of care by shortening the first metatarsal and "elevating the proximal phalange (i.e.,big toe)". This neglectful act served no legitimate medical purpose and was not discussed with the patient before or after the surgery. A medical expert report will be submitted in support of the claims.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

The elevated toe has resulted in pain and suffering, loss of mobility, and physical deformity. The condition will require a subsequent invasive surgical procedure with immobilization for 12-16 weeks to correct. The extent of any permanent injury remains unknown until after the subsequent surgery.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Dr. James Amis | 3219 Clifton Ave., Suite 300, Cincinnati, Ohio 45220 | |
| Dr. Suhail Masadeh | VA Medical Center 3200 Vine Street, Cincinnati, Ohio 45220 | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 0.00 | 500,000.00 | 0.00 | 500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>513-679-1473 | 14. DATE OF SIGNATURE<br>DEC 11, 2015 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING<br>FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT<br>CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

95-109

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No

N/A

17. If deductible, state amount.

0.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

**EXHIBIT 2**



OrthoNKY.com

859.301. BONE (2663)

James D. Baker, M.D.
James T. Bilbo, M.D.
Matthew J. Connolly, D.P.M.
Matthew T. DesJardins, M.D.
Thomas M. Due, M.D.
Nicholas T. Gates, M.D.
Michael A. Grefer, M.D.
R. Michael Greiwe, M.D.
Matthew S. Grunkemeyer, M.D
Forest T. Heis, M.D.
Richard M. Hoblitzell, M.D.
Bruce R. Holladay, M.D.
Matthew T. Hummel, M.D.
John B. Jacquemin, M.D.
John J. Larkin, M.D.
Adam V. Metzler, M.D.
Michael D. O'Brien, M.D.
Howard J. Schertzinger, Jr., M.D
Jonathon M. Spanyer, M.D.
Charles E. Whalen, M.D.

• 560 South Loop Road
Edgewood, KY 41017

• 8726 US 42
Florence, KY 41042

• 2123 Auburn Avenue
Cincinnati, OH 45219

• 525 Alexandria Pike
Southgate, KY 41071

• 2845 Chancellor Drive
Crestview Hills, KY 41017

• 238 Barnes Road
Williamstown, KY 41097

May 23, 2017

Mr. Joseph M. Lyon
The Lyon Firm
2021 Auburn Avenue
Cincinnati, Ohio   45219

RE:  Kenneth French
      DOB: 9/25/1956

Dear Mr. Lyon:

This is in response to your letter dated 3/2/2017 regarding the above patient. I have spent time reviewing patient's x-rays and medical records beginning 6/28/2013 with x-rays that were taken at the VA Medical Center in Cincinnati up through and including medical records from 12/10/2015 when the patient was seen and evaluated by Dr. James Amis. My review also includes my own personal records from my face-to-face evaluation with the patient on 11/12/2015 and x-rays that were obtained on that date.

The patient was seen and evaluated by Dr. Patrick Nunan on 11/6/2013. At that point, the patient was scheduled to have surgery on his right foot. The patient underwent surgery on his right foot on 12/18/2013. Surgery performed on that date by Dr. Patrick Nunan was described as a bunionectomy with distal metatarsal osteotomy of the right foot. In the operative report dated 12/18/2013, the surgeon describes a distal first metatarsal osteotomy and internal fixation. He does not describe any type of micro fracture being performed at the time of the surgery in that operative report. At the time of my evaluation in the office on 11/12/2015, the patient demonstrated significant right foot first MTP arthritis with shortening of the first metatarsal bone. He also demonstrated significant pain in the forefoot under the lesser metatarsal heads known as metatarsalgia. This was demonstrated on his clinical examination as well as his x-rays. These findings were echoed and found to be similar under the evaluation by Dr. James Amis on 12/10/2015.

It is my opinion to a high degree of medical certainty that the podiatrist fell below the standard of care by shortening the first metatarsal causing the shortening of the big toe. It is my opinion with a high degree of medical certainty that this act of falling below the standard of care caused the toe to remain displaced and elevated during standing and locomotion during the patient's follow-up period. It is my opinion with a high degree of medical certainty that the shortening of the big toe causes increased stress and chronic orthopaedic pain. This is a permanent injury to the foot.



OrthoNKY.com

859.301. BONE (2663)

Mr. Joseph M. Lyon
May 23, 2017
Page Two
RE: Kenneth French

James D. Baker, M.D.
James T. Bilbo, M.D.
Matthew J. Connolly, D.P.M.
Matthew T. DesJardins, M.D.
Thomas M. Due, M.D.
Nicholas T. Gates, M.D.
Michael A. Grefer, M.D.
R. Michael Greiwe, M.D.
Matthew S. Grunkemeyer, M.D
Forest T. Heis, M.D.
Richard M. Hoblitzell, M.D.
Bruce R. Holladay, M.D.
Matthew T. Hummel, M.D.
John B. Jacquemin, M.D.
John J. Larkin, M.D.
Adam V. Metzler, M.D.
Michael D. O'Brien, M.D.
Howard J. Schertzinger, Jr., M.D.
Jonathon M. Spanyer, M.D.
Charles E. Whalen, M.D.

The patient at this time is left with management options that include the permanent use of custom-made orthotic devices within the shoe to help alleviate his pain, or the option of corrective reconstructive surgery to correct the disfigurement and help alleviate some of his pain. That surgery would require a first metatarsophalangeal joint arthrodesis with the possibility of an intercalary bone graft procedure.

Sincerely,

Nicholas T. Gates, M.D.
Orthopaedic Surgery and
Sports Medicine of the Foot and Ankle

NTG:clc/cm

• 560 South Loop Road
Edgewood, KY 41017

• 8726 US 42
Florence, KY 41042

• 2123 Auburn Avenue
Cincinnati, OH 45219

• 525 Alexandria Pike
Southgate, KY 41071

• 2845 Chancellor Drive
Crestview Hills, KY 41017

• 238 Barnes Road
Williamstown, KY 41097